IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVE MCCOLLUM, JR.,** | : | CIVIL ACTION NO. 3:23-CV-1674 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT BOOHER,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Steve McCollum, Jr., challenges his 2012 conviction for attempted murder and several other crimes in the Dauphin County Court of Common Pleas. The petition will be dismissed with prejudice as untimely.

**I.    Factual Background & Procedural History**

The state courts of Pennsylvania have succinctly summarized much of the relevant factual background and procedural history. McCollum was charged with attempted murder, aggravated assault, unlawful possession of a firearm, and carrying a firearm without a license following the shooting of Timothy Juett on October 9, 2011. Commonwealth v. McCollum, No. 646 MDA 2013, 2014 WL 10982096, at *1 (Pa. Super. Ct. Feb. 19, 2014). Following a jury trial in the Dauphin County Court of Common Pleas, he was convicted on December 18, 2012, and subsequently sentenced to 20-40 years of imprisonment. Id.

McCollum appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on February 19, 2014. Id. at *8. He then filed a petition for

allowance of appeal to the Pennsylvania Supreme Court, which was denied on July 30, 2014. Commonwealth v. McCollum, 96 A.3d 1026 (Pa. 2014). McCollum did not file a petition for writ of certiorari to the United States Supreme Court.

McCollum filed a collateral challenge pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on June 24, 2015. Commonwealth v. McCollum, No. 288 MDA 2017, 2018 WL 327615, at *2 (Pa. Super. Jan. 9, 2018). The Court of Common Pleas dismissed the PCRA petition without a hearing on January 11, 2017. Id. McCollum appealed, and the Superior Court vacated the dismissal in part and remanded for an evidentiary hearing on one of McCollum's ineffective assistance of counsel claims. Id. The Superior Court affirmed in all other respects, finding McCollum's other claims meritless. Id. at *4 n.9.

After the case was remanded, McCollum moved for leave to file an amended PCRA petition to advance a claim based on newly discovered evidence. Commonwealth v. McCollum, 245 A.3d 1106, No. 1889 MDA 2019, 2020 WL 7706810, at *2 (Pa. Super. Ct. Dec. 29, 2020). On November 18, 2018, the Court of Common Pleas held an evidentiary hearing on the ineffective assistance of counsel claim that had been remanded from the Superior Court. Id. On December 5, 2018, the court granted the motion for leave to amend, and McCollum filed an amended petition on January 4, 2019. Id. The court then issued an order on April 3, 2019, dismissing the claims raised in the original petition, advising McCollum that he had 30 days to appeal, and stating that the order did not affect the disposition of the amended petition. Id. McCollum did not file an appeal within the 30-day time limit. Id.

The Court of Common Pleas conducted an evidentiary hearing on the after discovered evidence claim on June 18, 2019, and then dismissed that claim on August 23, 2019. Id. The court's order advised McCollum that he had 30 days to file an appeal. Id. McCollum filed an appeal of both the April 3, 2019, and August 23, 2019, dismissal orders on September 23, 2019. Id.

On appeal, the Superior Court held that the Court of Common Pleas' order granting McCollum leave to amend his petition after the original remand was improper and that the amended petition was therefore not part of the case. Id. at *4. Thus, the court held that the April 3, 2019, order dismissing the original PCRA petition was a final order for purposes of the court's appellate jurisdiction. Id. Because no appeal was filed within thirty days of that order, the court dismissed the appeal as untimely on December 29, 2020. Id.

On February 8, 2021, McCollum filed a renewed PCRA petition, wherein he requested, *inter alia*, reinstatement of his appeal rights with respect to his previous PCRA claims. Commonwealth v. McCollum, 290 A.3d 657, No. 1307 MDA 2021, 2022 WL 17411306, at *4 (Pa. Super. Ct. Dec. 5, 2022). The Court of Common Pleas granted the request for reinstatement of McCollum's appeal rights on September 15, 2021, and McCollum then filed a *nunc pro tunc* appeal from the April 3, 2019, order to the Superior Court on October 8, 2021. Id. The Superior Court denied the appeal on December 5, 2022. Id. at *7. McCollum filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 28, 2023. Commonwealth v. McCollum, 300 A.3d 1010 (Pa. 2023).

McCollum filed the instant case on September 26, 2023, and the court received and docketed it on October 10, 2023. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on February 6, 2024, arguing that it should be dismissed as untimely. (Doc. 7). The case was reassigned to the undersigned on January 21, 2025, by verbal order of Chief United States District Judge Matthew W. Brann.[1]

## II. Discussion

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] McCollum's petition names as respondents both the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. (Doc. 1). The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office. The proper respondent in a habeas corpus action, however, is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Thus, because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the Attorney General will be dismissed from this case and the court finds that the naming of the Attorney General as a respondent does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

In addition to statutory and equitable tolling, the limitations period may be excused under the actual innocence exception, which requires a petitioner to present new evidence that shows "it is more likely than not that no reasonable juror would have convicted the petitioner." McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013) (internal alterations omitted). A petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)).

Under Section 2244(d)(1)(A), McCollum had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A). McCollum's conviction became final on October 28, 2014, the last date on which he could have filed a petition for writ of certiorari to the United States Supreme Court. See U.S. S. Ct. R. 13(1). The limitations period ran

for 239 days until June 24, 2015, when the filing of McCollum's first PCRA petition statutorily tolled the limitations period. See 28 U.S.C. § 2244(d)(2).

Because McCollum's appeal of the April 3, 2019, dismissal of his PCRA petition was dismissed by the Superior Court as untimely, see McCollum, 2020 WL 7706810, at *4, the statutory tolling period ended on May 3, 2019, the last date on which McCollum could have timely file an appeal of the dismissal. See Pa. R. App. P. 903; Pace, 544 U.S. at 418 (holding that filings that are dismissed as untimely in state court are not "properly filed" under Section 2244(d)(2) and therefore do not statutorily toll the limitations period). At that point, based on the 239 days that had already elapsed towards the end of the limitations period, McCollum had 126 days remaining to timely file his petition, meaning that he was required to file it no later than September 6, 2019. He did not file his petition until September 26, 2023, meaning that the petition is untimely by over four years.

McCollum argues that his petition is timely because his PCRA appellate rights were reinstated on September 15, 2021, and his subsequent appeal was not finally resolved until June 28, 2023. (Doc. 1 at 13). This is incorrect. The reinstatement of a petitioner's PCRA appellate rights does not retroactively toll the limitations period for the time between the last date on which the petitioner could have filed a timely appeal and the date his appellate rights were reinstated. Martin v. Administrator N.J. State Prison, 23 F.4th 261, 271-72 (3d Cir. 2022). "[F]rom the expiration of time in which to file a timely appeal and the state court's acceptance of the belated appeal, there is no PCR petition for the state court system to consider. Nor is there a petition that could be appealed. The state review process is done; it is

6

not dormant, it is not latent, and it is not hibernating in case a petitioner should choose at some point down the road to request a state appellate court to review a belated appeal." Id. at 271. Thus, "[w]hile it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding—and may *at that point* trigger § 2244(d)(2)'s tolling mechanism . . . it does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct." Id. (emphasis in original).

There is also no basis to deem the petition timely filed based on equitable tolling or the actual innocence exception. McCollum has not advanced any equitable tolling or actual innocence arguments, and it is his burden to do so. See Pace, 544 U.S. at 418; McQuiggin, 569 U.S. at 394-95. Hence, because McCollum's petition is untimely by over four years and there is no basis to toll the limitations period or excuse it under the actual innocence exception, the petition will be dismissed with prejudice as untimely.

### III.   Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   March 5, 2025